# CIRCUIT COURT OF THE CITY OF RICHMOND

Janice D. Chandler

v.

Virginia Employment Commission
and Domestic Linen Supply Co., Inc.

January 13, 2014

Case No. CL13-4701

BY JUDGE MELVIN R. HUGHES, JR.

This is an appeal of the Virginia Employment Commission's ("Commission") Decision which disqualified the petitioner, Janice Chandler, from receiving unemployment compensation benefits effective May 5, 2013. The Commission's Decision was based on a finding that the petitioner quit her work voluntarily and without good cause.

Under Virginia Code § 60.2-625(A), absent fraud, facts found by the Commission are conclusive, and judicial review of the Commission's Decision is limited only to questions of law. No fraud is alleged in this action. The relevant facts adopted by the Commission are as follows.

Domestic Linen Supply Co., Inc. ("Linen Company") employed Ms. Chandler beginning September 28, 2011. Ms. Chandler served as the Linen Company's full-time, district sales manager. On March 27, 2013, the petitioner filed a complaint alleging that the regional manager, her immediate supervisor, engaged in inappropriate conduct which included sexual harassment. Upon receipt of the complaint, the president of Linen Company conducted an investigation and reassigned the supervisory duties over Ms. Chandler to the general manager. After the reassignment and because of the nature of her work, petitioner thereafter had only limited contact with the regional supervisor. The president also informed Ms. Chandler to contact him if any additional concerns surfaced.

About six weeks later, Ms. Chandler felt that she was not receiving adequate support from the general manager. In addition to lack of support, the petitioner had lingering doubt as to whether her employer had the resolve to prevent any future misconduct. She also had doubt about management

and staff's continued trust in her after she revealed what occurred. However, there were no new allegations of continuing mistreatment in her employment. Ms. Chandler did not apprise the general manager or the president of her concerns. The Commission found that the general manager was in the office and available to plaintiff on most days. On May 7, 2013, Ms. Chandler submitted a resignation notice, effective immediately.

As the Commission has responded in its opposition to the petitioner's request for judicial review, the Commissioner's findings of fact are conclusive if supported by the evidence in the absence of fraud. *Branch v. Virginia Employment Commission*, 219 Va. 609, 613, 249 S.E.2d 180, 183 (1978). Here, based on those findings, the Commission found petitioner ineligible for benefits on the ground that the petitioner left employment "without good cause" under Virginia Code § 60.2-618(1). Having consulted the case law interpreting this provision, the Court cannot find the employer's treatment was of a nature that the petitioner could not reasonably be expected to endure. According to the Commission's findings, following the employer's action to relieve the petitioner of the complained harassment, the petitioner did not experience any further problems with her employer except for a generalized dissatisfaction. Notwithstanding the petitioner's continuing concerns, it was proper for the Commission to find that petitioner had not carried her burden of showing the existence of good cause to leave employment when she did. Thus, the Court cannot say that the Commission erred in its denial of benefits as a matter of law.

For the foregoing reasons, the Court will deny the appeal.